## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Bill Lietzke, | Civil No. 23-3332 (DWF/TNL) |
| Plaintiff, | |
| v. | ORDER |
| City of Montgomery, et al.; Kevin Murphy, Chief; and Steven Reed, | |
| Defendants. | |

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For most civil lawsuits filed in federal district court, the correct venue for the litigation is established by 28 U.S.C. § 1915(b):

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this lawsuit, plaintiff Bill Lietzke, an Alabama resident, sues the City of Montgomery, Alabama, and two residents of Alabama for events alleged to have occurred in Alabama.  The District of Minnesota is plainly not a proper venue for this litigation under § 1391(b).  None of the defendants reside here.  None of the events at issue occurred here.  And there is no reason to believe either that this action could not have been brought in another venue or that the Court has personal jurisdiction over any of the defendants.  In short, the lawsuit should never have been brought here.

Section 1406(a) permits a federal district court either to dismiss without prejudice a lawsuit filed in the wrong venue or, if it is "in the interest of justice," to transfer the lawsuit to an appropriate district.  The Court has reviewed the pleading submitted by Lietzke, concludes that it is overwhelmingly unlikely that the pleading would survive preservice review under 28 U.S.C. § 1915(e)(2)(B) if transferred, and therefore finds that a transfer would not be in the interest of justice in this matter.  The lawsuit will instead be dismissed without prejudice.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a).

2. The application to proceed *in forma pauperis* of plaintiff Bill Lietzke (Doc. No. [2]) is **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 6, 2023            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge